## ADAM MEYER *v.* LAURA A. MOWRY, ADAM SHUPPERT, and WILLIAM LABINSKI.

New Trial—Grounds of Motion for.—A new trial, which was demanded on the grounds of newly discovered evidence, which was cumulative, and that the findings of the Court were not supported by the evidence, which was conflicting, was properly refused.

Judgment in Action to compel a Conveyance.—In an action to compel the conveyance by defendant to plaintiff of certain lands, it was admitted by the pleadings that defendant held the title to the property described as security, only, for the payment of a debt contracted to be paid by plaintiff to defendant; and the only material issue made was whether the debt had been paid or not—the complaint alleging such payment and praying that defendant be required to convey the property to plaintiff, while the answer traversed said allegation, and

for affirmative relief prayed judgment that said debt be declared a lien on said property, and that plaintiff's bill be denied until such payment be made. On the trial the Court found said issue as to payment for the defendant, and adjudged the defendant to hold a lien on said property to secure the payment of said debt; and, by its judgment, directed a sale of the property and a satisfaction of the debt, the costs of sale and defendant's costs of suit, from the proceeds of said sale : *held*, that this judgment was beyond and foreign to the relief demanded in said answer, and erroneous ; further, that the proper judgment in such case would be that plaintiff be adjudged—within a reasonable time, specified—to pay said debt, and that on said payment or tender thereof made, the defendant to convey said land to plaintiff, and that on failure of plaintiff to make said payment or tender, his bill to be dismissed with costs.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to compel a conveyance by defendants to plaintiff of certain real property alleged to be held in trust for plaintiff. The complaint alleged that defendant Shuppert had acquired the title to said property by a valid Sheriff's deed thereto, which was, however, held by the grantee and his assignees solely as security for the payment of a debt which had been due from plaintiff to defendant Shuppert; that plaintiff had fully paid said debt, and had demanded a conveyance of said property from Shuppert and the other defendants, who, as was alleged, made some claim of title thereto under said deed before suit was brought, which demand was refused. The answers of defendants Shuppert and Labinski disclaimed title. The answer of defendant Mowry admitted that she held the legal title to plaintiff's property as security, as alleged, under an assignment duly made by defendant Schuppert; but traversed the averments of payment of said debt and prayed judgment for its payment by plaintiff, and that the prayer of his complaint be denied until such payment be made, and for general equitable relief. The trial was by the Court, without a jury. The evidence as to the fact and the amount of payments made on said debt was conflicting, but the Court found as facts that there remained unpaid of said debt, which was then due to defendant Mowry, as the assignee thereof, the

sum of six hundred and fifteen dollars in gold coin of the United States, bearing interest at the rate of one and one fourth per cent per month; that the legal title to said property then was in defendant Mowry, but held as security for the payment of said debt; and, as a conclusion of law, found that defendant Mowry was entitled to a decree foreclosing her lien on said property for the payment of said debt, and a sale thereof for gold coin only, and a satisfaction of said debt and her costs in this suit, and of said sale, out of the proceeds of said sale. The judgment was in accordance with said findings.

The plaintiff moved for a new trial on the grounds, among others, to wit: 1st—Of newly discovered evidence; 2d—That the evidence did not support the findings of fact made by the Court; and 3d—That the pleadings and the findings of fact did not support the judgment, and especially that the Court erred in rendering judgment for the sale of said property. The Court denied the motion, and plaintiff appealed from the judgment and from the order of the Court denying a new trial.

The other facts are stated in the opinion of the Court.

*Tully R. Wise*, for Appellant.

*Smith & Barker*, for Respondents.

By the Court, SPRAGUE, J. :

The newly discovered evidence on motion for new trial is cumulative, and not of a character to justify an allowance of the motion for new trial. The other errors stated as grounds of motion for new trial, are—that the evidence was insufficient to justify the findings of the Court in the particulars therein stated, and that the findings of the Court are contrary to the evidence.

Upon each and all the assigned errors in the findings of the Court the evidence was conflicting and of a character

which would not justify this Court in disturbing the findings of the Judge, before whom the witnesses appeared and testified.

We are, then, restricted to a consideration of the judgment roll upon the appeal from the judgment.

The conclusions of law based upon the findings and the decree are not justified by the pleadings and the findings of the issues of fact.

Upon the pleadings and facts found the decree should have been, that within a reasonable time—say thirty days—the plaintiff, Adam Meyer, pay to defendant Laura A. Mowry the sum of six hundred and fifteen dollars, in gold coin of the United States, with interest thereon at the rate of one and one fourth per cent per month, from the 7th of May, 1867; and that the defendant, Laura A. Mowry, upon the receipt or tender to her of the amount of six hundred and fifteen dollars, with interest as aforesaid, in gold coin of the United States, make, execute and deliver to plaintiff a good and sufficient deed of the premises described in the complaint; and that on failure by plaintiff to pay said amount within the time prescribed, his bill be dismissed with costs. (*Cowing v. Rogers, post.*)

The decree, as found in the judgment roll, is entirely beyond and foreign to the affirmative relief sought by defendant Mowry's answer.

To satisfy the amount of six hundred and fifteen dollars, found to be due defendant Mowry from plaintiff, and as security for the payment of which it is found that Mowry holds the legal title of the premises described in the complaint, the decree orders a sale of plaintiff's equitable interest in the premises, and by its terms suffers the legal title still to remain in Mowry, after having received the proceeds of such sale and obtained her personal judgment against plaintiff for any balance not satisfied by the proceeds of the sale. This is clearly erroneous.

Judgment reversed, cause remanded, and decree ordered in accordance with this opinion.