GEO. W. TYLER, Respondent, v. CHAS. A. GRANGER, Appellant.

## No. 2280; August 5, 1870.

Trust Deed—Redemption.—In a Suit by the Grantee Named in a Deed of Trust to Recover the possession of the granted premises from purchasers under an execution, in which suit the defendants have answered by a cross-bill construable as an offer to redeem, if the court, by its findings and conclusions and its referring the matter to a court commissioner to be reported upon, has virtually sustained the answer, there should be, after the commissioner's having reported, a decree that the defendants pay or tender to the plaintiff within a reasonable fixed time the amount found to be due him, naming it, together with the costs of the suit, and that the plaintiff, upon receipt of this, execute and deliver a good and sufficient deed to the defendants, but that in default of so paying or tendering these be debarred from all further claim or right to redeem.

APPEAL from Fifth Judicial District, San Joaquin County.

Stayton conveyed to Tyler, January 7, 1863, in trust as set forth—so the deed recited—in a declaration of trust of the

same date from Tyler to Stayton. The deed was subject to
a writ of attachment at the suit of one Frank Stewart in pur-
suance of which subsequently, on Stewart's action going to
judgment, the land was sold by the sheriff to one Alvin
Fisher, who, as alleged in the complaint in the present case,
took for the benefit of himself and the defendants, to wit:
Charles A. Granger, Samuel Fisher, Zenus Fisher, Archie
Woodson and John Freeborn. By the terms of the declara-
tion of trust Tyler, after the expiration of sixty days, was to
sell the premises and out of the proceeds of sale pay off a note
of Stayton and others, of whom Samuel Fisher was one, in
favor of one William M. Ryer's order. As further alleged
these defendants entered sometime before November 14, 1863,
the day the plaintiff redeemed the premises from the sheriff's
sale, thereby becoming entitled to the possession. The prayer
was for a surrender of the possession accordingly and for
the rents and profits, and for such other relief, etc. The
answer set up the Stayton-Ryer note verbatim, which note was
of the usual sort, and alleged that Samuel Fisher was then
the owner and holder of it; it also alleged that the trust deed
to Tyler composed with the declaration of trust a mortgage,
in fact, to secure the payment of that note. It alleged that
"the said G. W. Tyler" was "no longer the agent of the said
William M. Ryer, the payee of said note, and had and has no
right, power or authority from him to take any steps for the
enforcing of the payment of said note or for the possession of
the said land." It denied that Tyler had been given any
power or authority from either Ryer or Stayton enabling
him to redeem from the sale made by the sheriff as above, and
on information and belief denied that he had so redeemed or
was entitled to the possession. It admitted that Tyler had, to
be sure, placed certain money "called greenbacks" with the
said sheriff, but alleged that the sheriff still held that identical
money and that it could be recovered by him on applying for
it. The answer closed with a prayer that Tyler be decreed
to convey the premises to the defendant Samuel Fisher on the
payment to him of his reasonable costs. About everybody
concerned in the transaction seems to have been brought into
the action and to have pleaded. The findings made out
the note to have been originally for the sum of four thousand
six hundred dollars, of which sum one of the makers had

paid all but six hundred and eighty-nine dollars, that Stayton still owed, as maker and for contribution, three thousand and five dollars, and that the aim of the deed of trust was to pay this sum; that Tyler had found it impossible within the sixty days to find a purchaser who would pay as high as three thousand and five dollars for the land, and that Tyler had passed the note back to Ryer before the sheriff's sale had been had. Other facts in the case are sufficiently indicated in the decision.

G. W. Tyler for respondent; J. H. Budd, for appellant.

See Tyler v. Granger, 48 Cal. 259.

SPRAGUE, J.—The alleged errors presented in appellant's first six specifications, even if admitted to be well taken, resulted in no prejudice to appellants. The defendant's answer in the nature of a cross-bill to redeem the premises from the lien to which they were subject in the hands of the plaintiff as trustee, as between the parties to this appeal, seems to have been sustained by the findings of fact and conclusions of law filed by the court; and the order thereupon made, referring the case to the court commissioner to take testimony therein, from which to determine the amount to which plaintiff as trustee was entitled for costs, expenses and services rendered in and about the business of collecting payment of the debt, for which he held the title of the premises in trust as security, was made by consent of both plaintiff and defendant. On the coming in of the commissioner's report upon the matters referred, and a determination therefrom by the court of the amount so due and payable to plaintiff on redemption of the premises, as prayed for in appellant's cross-bill, it was irregular and improper for the court to render a money judgment against defendants and in favor of plaintiff, as the plaintiff was not entitled to such judgment, so long as he held the legal title to the estate, which defendants sought to redeem; and, further, the judgment does not grant the defendants the relief prayed for in the cross-complaint, nor the relief to which the previous finding of fact and conclusions of law, as filed by the court, show them entitled, nor, indeed, any relief whatever.

Upon the facts and conclusions of law, as first found by the court, and the subsequent finding upon the testimony reported

by the commissioner, of the amount properly due and payable to the plaintiff on release of the premises from the trust lien, the regular and proper decree would have been that defendant, Samuel Fisher, within a reasonable fixed time, pay to plaintiff the sum of four hundred and eighty dollars (the amount found to be due him for services, etc.), together with the costs of suit; and that the plaintiff, upon the receipt or tender to him of the amount so required to be paid by said defendant, Samuel Fisher, make, execute and deliver to said defendant, Fisher, a good and sufficient deed for the conveyance of the title held by him in trust of the premises described in the complaint; and that, on failure of said defendant to pay or tender such sums to plaintiff within the time prescribed, that defendant be barred of all further right or claim to redeem: Meyer v. Mowry, 34 Cal. 517; Cowing v. Rogers, 34 Cal. 652.

The judgment should be so modified. The cause is, therefore, remanded, and the court below is directed to enter a decree in accordance with this opinion.

We concur: Crockett, J.; Rhodes, C. J.; Temple, J.; Wallace, J.